29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin FLORES-JUAREZ, aka Manuel Gonzalez, Defendant-Appellee.
 No. 93-10366.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Martin Flores-Juarez appeals the sentence and fine imposed on him for possession of cocaine with intent to distribute. Pursuant to a plea agreement, Flores-Juarez waived the right to appeal his sentence. We therefore dismiss his appeal.
 
 I.
 
 3
 On March 5, 1993, Flores-Juarez pleaded guilty to possessing 78 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a). As part of the related plea agreement, the government agreed to recommend a three level reduction for acceptance of responsibility at sentencing. The plea agreement also contained the following waiver of Flores-Juarez' appeal rights:
 
 
 4
 Defendant hereby waives any right to raise and/or appeal ... concerning any matter pertaining to the prosecution ... and to the court's entry of judgment against defendant and imposition of sentence under [18 U.S.C. Sec. 3742].
 
 
 5
 Following a hearing, the district court accepted Flores-Juarez' plea. The court sentenced him to twelve years' imprisonment and five years of supervised release. The court also assessed a ten thousand dollar fine, subject to revision depending upon Flores-Juarez' financial status at the time of his release, finding that Flores-Juarez did not present sufficient evidence of indigency to avoid the imposition of a fine under section 5E1.2 of the Sentencing Guidelines.
 
 
 6
 Flores-Juarez appeals, contending that: (1) the district court imposed an excessive fine in light of his indigent status, (2) he did not receive adequate notice that the court intended to do so, and (3) the court should have reduced his offense level to reflect his minimal or minor role in the offense.
 
 II.
 
 7
 We must first confront the government's argument that Flores-Juarez has waived his right to appeal. We find that he did.
 
 
 8
 We review de novo the waiver of a statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." Id. at 480.
 
 
 9
 Under 18 U.S.C. Sec. 3742(a)(2), a defendant may appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines." Flores-Juarez expressly and unequivocally waived this right as part of his plea agreement. He cannot now argue that his sentence and fine were imposed as a result of an incorrect application of the sentencing guidelines. See Bolinger, 940 F.2d at 480.
 
 
 10
 It is true, as Flores-Juarez contends, that waiver of the statutory right to appeal "w[ill] not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." Id. Here, however, the government made no promises with respect to the fine the district court would impose. Indeed, the negotiated agreement expressly noted that Flores-Juarez faced a maximum fine of $4,000,000.
 
 
 11
 We also must reject Flores-Juarez' contention that his waiver does not prevent an appeal where "other sentencing error occurs." "Were we to accept [defendant's] argument, his express waiver of the right to appeal the sentence would be a nullity." Id.
 
 
 12
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3